THIS OPINION IS NOT INTENDED FOR PUBLICATION OR CITATION. THE AVAILABILITY OF THIS OPINION, IN ELECTRONIC OR PRINTED FORM, IS NOT THE RESULT OF A DIRECT SUBMISSION BY THE COURT.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| | ) CASE NO. 05-68749 |
| FRANKIE J. BURR, | ) |
| | ) JUDGE RUSS KENDIG |
| Debtor. | ) |
| | ) |
| | ) **MEMORANDUM OF DECISION** |
| | ) **(WRITTEN OPINION)** |
| | ) |

This matter is before the court on trustee Anthony J. DeGirolamo's (hereafter "Trustee") motion for turnover. Through the motion, Trustee seeks to recover the bankruptcy estate's portion of Debtor Frankie J. Burr's (hereafter "Debtor") 2005 income tax refunds. A hearing was held on July 17, 2006. Trustee and James J. Connelly, counsel for Debtor, appeared for the hearing.

The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district on July 16, 1984. This is a core proceeding over which the court has jurisdiction pursuant to 28 U.S.C. § 157(b)(E). Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

The facts are not in dispute. Debtor filed an individual chapter 7 case on October 14, 2005. Debtor is married and three children live in Debtor's home. The children are Debtor's wife's children, and Debtor's wife does not work outside the home.

Upon filing joint 2005 tax returns with his wife, Debtor was entitled to a refund of $6,286.00. Two thousand dollars ($2,000.00) of the refund is attributable to a child tax credit and $2672.00 is attributable to the earned income credit. The earned income and child tax credits were available because Debtor claimed his wife's three children. In the year 2005, Debtor's wife did not have any wages reported on the income tax return, nor did Debtor's wife have any income tax withholdings for the year.

## ARGUMENTS

Trustee contends that the estate portion of the refunds is $4,443.00 and seeks recovery of that amount under 11 U.S.C. § 542. Debtor objects to the motion for turnover on two separate grounds. First, Debtor argues that Trustee miscalculated the estate portion of the refunds. Second, Debtor posits, on two different theories, that part of the tax refunds are the property of the non-debtor spouse. According to Debtor, his wife should receive a portion of the refund based on either her non-monetary contributions to the household or on the fact that the refund is possible because Debtor claims her children.

## DISCUSSION

### I.   Interest of non-debtor spouse

The parties do not dispute that Debtor's interest in the tax refunds is property of the estate pursuant to 11 U.S.C. § 541. The main premise of Debtor's argument is that his non-debtor spouse also has a property interest in the joint tax return which is not part of the estate and therefore not subject to turnover. This argument, however, has been rejected by other courts in this district, which find that a debtor's non-debtor spouse, who does not contribute to the taxable earnings, does not have a property interest in the tax refund. *See* In re McEachern, 2005 WL 2792369 (Bankr. N.D. Ohio 2005) (unpublished) (citing Ohio Rev. Code Ann. § 3103.04); In re Smith, 310 B.R. 320 (Bankr. N.D. Ohio 2004); In re Taylor, 22 B.R. 888 (Bankr. N.D. Ohio 1982). *See also* Kleinfeldt v. Russell (In re Kleinfeldt), 287 B.R. 291 (B.A.P. 10th 2002); In re Lock, 329 B.R. 856 (Bankr. S.D. Ill. 2005). This finding represents the majority approach among courts considering the issue. *See generally* Kleinfeldt, 287 B.R. 291; Monticello Arcade Ltd. P'ship (In re Lyall), 191 B.R. 78 (E.D. Va. 1996). Upon review of the cases, the court finds the decisions to be well-reasoned and follows the majority. The court holds that, under applicable Ohio law, a non-income producing, non-debtor spouse does not have a property interest in a joint tax refund.

Earned income credits and child tax credits are also property of the estate. *See* In re Law, 336 B.R. 780 (B.A.P. 8th 2006); In re McCourt, 217 B.R. 998 (Bankr. S.D. Ohio 1997); In re Beagle, 200 B.R. 595 (Bankr. N.D. Ohio 1996); In re Kurilich, 199 B.R. 161 (Bankr. N.D. Ohio 1996). Courts find that earned income or child tax credits operate to return "overpayments" of income taxes withheld in the same manner that overpayments of income taxes are refunded. *Id.* Since Debtor is the only wage earner, and the only party to the joint return who had taxes deducted, he is the only party who could have made an overpayment. Thus, the same reasoning underpinning the conclusion that the a tax refund is not the property of both spouses supports the conclusion that the earned income credit and child tax credits are not property of both parties. The result is that the non-debtor spouse, who has not contributed income for tax purposes, does not have a property interest in the tax credits

comprising part of the tax refund.

Although Debtor mentions that the children are not his children, but his non-debtor wife's, Debtor has not offered any arguments as to the import of this fact. Upon consideration of the motion and applicable law, the court finds the fact to be irrelevant. Debtor is able to claim the children as dependents based on the support he provides to them. Since his spouse did not have income, she would not have been able to claim the children or derive a benefit from the child tax credit or earned income credit for the year in question. The court finds trustee's motion is well taken and will grant the motion for turnover.

## II.  Calculation of estate portion of refund

Debtor contests Trustee's calculation of the amount of the refund subject to turnover. Trustee claims he is entitled to $4,443.00 while Debtor's calculations indicate the trustee is entitled to $4,390.08.

The refunds totaled $6,286.00. Since the case was filed on October 14, 2005, the estate's has an interest in the amount of the refund generated through that date: 287/365 of $6,286.00, which is $4,943.00. Debtor used $287.50 of the $400.00 exemption available under O.R.C. § 2329.66(A)(4)(a), leaving $113.00 as an available exemption. Debtor did not use any of the $400.00 "wildcard" exemption. Debtor is therefore entitled to exempt a total of $513.00 of the estate's portion of the refund. The result is that $4,430.00 is subject to turnover to the trustee.

## CONCLUSION

Since Debtor was the only party to the refund to have contributed any earnings which could have been overpaid, he is the only party with a property interest in the overpayment. There is no reason to differentiate between an actual repayment of tax, or tax credits which are treated as overpayments. Debtor's wife, therefore, cannot claim an interest in either the refund or the tax credits. The motion for turnover is granted and the estate's interest in the refund is $4,430.00. This amount is subject to turnover.

This result is puzzling and disturbing given the purposes of the earned income credit, but any solution must come from the state legislature.

An appropriate order shall be entered forthwith.

/s/ Russ Kendig

Russ Kendig
United States Bankruptcy Judge

## SERVICE LIST

James J. Connelly
121 W. North St., #100
Wooster, OH 44691


Anthony J. DeGirolamo
Courtyard Centre, Suite 625
116 Cleveland Ave., N.W.
Canton, OH 44702